Valentin SEGURA–BARRIENTOS; et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–71211.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 22, 2008.

Valentin Segura–Barrientos, pro se.

Martina Cisneros–Frausto, pro se.

Oil, Kristina Sracic, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Office Of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of petitioners' motion to reconsider its denial of petitioners' appeal from the denial of cancellation of removal and mo-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to reopen proceedings. We review the denial of a motion to reopen or reconsider for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

The applicable regulations provide that a motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision...." *See* 8 C.F.R. § 1003.2(b)(2). Here, the motion was filed 58 days after the mailing of the decision. Thus, the BIA did not abuse its discretion in denying petitioners' motion for reconsideration as time barred. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Accordingly, this petition for review is denied in part.

Where a petitioner improperly titles a motion to reopen or reconsider, the BIA should construe the motion based on its underlying purpose. *See Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005). Here, the BIA properly construed petitioners' motion to reconsider as a motion to reconsider in part and a motion to reopen in part. *See id.;* 8 C.F.R. § 1003.23(b)(2).

This court lacks jurisdiction to review the BIA's denial of the motion to reopen on the basis that the new evidence presented of psychological harm to petitioners' qualifying relatives was inadequate to establish a prima facie case of eligibility for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency). Accordingly, respondent's motion to dismiss this petition for review is granted in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**Petition for review DENIED in part; DISMISSED in part.**